IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LINDA L. CALHOUN,        :

     Plaintiff,        :

vs.        :     CA 09-0417-CG-C

MICHAEL J. ASTRUE,        :
Commissioner of Social Security,
        :
     Defendant.

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits and supplemental security income. This action is before the Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the administrative record, plaintiff's letter briefs, and the Commissioner's brief,[1] it is recommended that the decision to deny benefits be reversed and that this cause be remanded to the Commissioner of

---

[1]     By order dated January 11, 2010, the undersigned informed the parties that a report and recommendation regarding appropriate disposition of this case would be issued based upon a review of the administrative record and the briefs. (Doc. 19)

Social Security for further proceedings not inconsistent with this decision.

Plaintiff alleges disability due to chronic neck and back pain and degenerative disc disease. The Administrative Law Judge (ALJ) made the following relevant findings:

> **1.     The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.**
>
> **2.     The claimant has not engaged in substantial gainful activity since May 19, 2006, the amended alleged onset date (20 CFR 404.1520(b), 404.1572 *et seq.*, 416.920(b) and 416.971 *et seq.*).**
>
> **3.     The claimant has the following severe impairments: cervical disc disease and lumbar disc disease (20 CFR 404.1520(c) and 416.920(c)).**
>
> .     .     .
>
> **4.     The medical and non-medical evidence, as summarized and discussed herein, has not established depression or hypertension as impairments that entailed significant work-related limitations of record for a continuous period of at least 12 months during the period of adjudication. The medical evidence has not suggested significant work-related limitations of 12 month duration arising therefrom, and no treating physician has placed work restrictions on the claimant because of these conditions. Therefore, depression and hypertension have been found to be "non-severe" for any 12 full months during the relevant period of adjudication.**
>
> .     .     .
>
> **5.     The claimant does not have an impairment or**

2

**combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).**

.          .          .

**6.     After careful consideration of the entire record, the undersigned finds that the claimant continues to have the residual functional capacity to perform light work (defined in 20 CFR 404.1567(b) and 416.967(b)) as set forth by Dr. Kidd in Exhibit 12-F[,] i.e., the ability to lift and carry 20 pounds occasionally and 15 pounds frequently; stand 4 hours in an 8-hour workday (20 minutes at a time); walk 3 hours in an 8-hour workday (one block at a time); sit 4 hours in an 8-hour workday (15 minutes at a time); push and pull arm and leg controls constantly; handle, finger, feel, and reach overhead constantly; no climbing, balancing, stooping, kneeling, crouching, or crawling; no work around moving mechanical (sic); no work in high, exposed places; and no work involving driving of automotive equipment.**

In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.

In determining the claimant's residual functional capacity, greater weight has again been accorded to the report and evaluation provided by Dr. Kidd who performed a consultative examination of the claimant [] [on December 7, 2005], than to the opinions provided by Dr. Barnes [on January 4, 2007, January 22, 2007, and October 15, 2007], the claimant's primary care practitioner[]. Dr. Barnes' statements are without

3

explanation for his restrictive opinion as treatment notes from Barnes Family Medical are unrevealing and offer no objective findings and describe no significant change in the claimant's condition from the earlier decision. The undersigned notes that the more consistent an opinion is with the record as a whole, the more weight that will generally be given to that opinion []. The undersigned further notes that the more relevant medical evidence that is presented to support an opinion, particularly medical signs and laboratory findings, and the better the explanation provided for an opinion, the more weight that is given to that opinion[]. Hence, Dr. Barnes' evaluations have been given little to no weight.

.     .     .

**7.     The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).**

.     .     .

**8.     The claimant was born on May 11, 1963 and was 43 years old, which is defined as a younger individual age 18-49, on the amended alleged disability onset date (20 CFR 404.1563 and 416.963).**

**9.     The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).**

**10.     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).**

**11.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy**

**that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).**

.    .    .

**12.    The claimant has not been under a disability, as defined in the Social Security Act, from May 19, 2006 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).**

(Tr. 12, 16, 17, 21, 22 & 23 (emphasis in original))  The Appeals Council affirmed the ALJ's decision (Tr. 1-3) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  In evaluating whether the claimant has met this burden, the examiner must consider the following four factors:  (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history.  *Id*. at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy.  *Sryock v. Heckler*, 764 F.2d 834, 836 (11th

Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that, within the framework of the grids, she can perform those light and sedentary jobs identified by the vocational expert, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, the plaintiff contends that the ALJ made the following errors: (1) he improperly determined her onset date of disability to be May 19, 2006 as opposed to January of 2004; (2) he improperly determined that she does not have a severe mental impairment; and (3) he improperly determined her residual functional capacity and, as a consequence, failed to satisfy the Commissioner's fifth-step burden. (*See* Doc. 11) Because the undersigned agrees with the plaintiff that the ALJ improperly determined her RFC and did

not meet the Commissioner's fifth-step burden of identifying jobs existing in significant numbers in the national economy that she is capable of performing, there is no need to address at any length the other assignments of error raised by Calhoun. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").[2]

It is clear in this circuit that the Commissioner of Social Security must develop "a full and fair record regarding the vocational opportunities available to a claimant." *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted). The Commissioner must articulate specific jobs that the claimant can perform given her age, education and work history, if any, "and this finding must be supported by substantial evidence, not mere intuition or conjecture." *See id.* (citation omitted) Stated differently, the burden is on the Commissioner at the fifth step of the sequential evaluation process to establish capacity to perform other work and thereby to establish the claimant's residual functional capacity. *See Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

---

[2]     The undersigned would note parenthetically that the ALJ properly determined plaintiff's amended onset date of disability as being May 19, 2006 (Tr. 12) given the previous ALJ's determination that plaintiff was not disabled anytime between November 29, 2003 and May 18, 2006 (Tr. 75) and Calhoun's failure to challenge that decision in this Court (*see, e.g.,* Doc. 21, at 6).

In attempting to establish plaintiff's residual functional capacity, the ALJ in this case relied exclusively on the Medical Source Opinion completed by one-time consultative examiner Dr. Huey Kidd on December 7, 2005 (*compare* Tr. 17 ("**[T]he undersigned finds that the claimant continues to have the residual functional capacity to perform light work [] as set forth by Dr. Kidd in Exhibit 12-F[.]**") *with* Tr. 284-286 (physical medical source opinion completed by Dr. Kidd)).[3] The Magistrate Judge recommends that this Court hold that the ALJ's sole reliance on an RFC assessment predating the amended disability onset date cannot supply substantial evidence of RFC during the relevant period both because such evidence is of limited relevance, *Carmickle v. Commissioner, Social Security Administration*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance."); *see also Robinson v. Astrue*, 2009 WL 2145367, *11 (E.D. Pa. 2009) ("In her decision, the ALJ noted several times Dr. Sacharok's opinion that plaintiff requires a sit-stand option. [] As the ALJ stated, Dr. Sacharok indicated in June 2006 that plaintiff's residual functional

---

[3]     While the ALJ makes mention in his decision of a physical residual functional capacity assessment completed by a Social Security disability examiner on August 8, 2006 (*compare* Tr. 14 *with* Tr. 237-244), this assessment cannot be accorded any weight. *Cf. Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990) (finding that the opinion of a non-examining, reviewing physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision.").

capacity for a limited range of light work must include a sit-stand option at his own will. [] The ALJ explained, however, ***that she did not accord Dr. Sacharok's June 2006 medical statement controlling weight because it predates plaintiff's amended onset disability date of September 11, 2006***."), and because it is contrary to several assessments in the record related to plaintiff's RFC during the relevant period from a treating physician which contraindicate plaintiff's ability to perform even sedentary work activity (*compare* Tr. 247, 249-250 & 263 *with* Tr. 59-60 (vocational expert's testimony that Dr. Stanley Barnes' assessments would preclude all jobs)).*[4]*

In light of the foregoing, it was improper for the ALJ to rely exclusively upon Dr. Kidd's RFC assessment to establish plaintiff's residual functional capacity during the relevant period of May 19, 2006 through May 10, 2008 (*see* Tr. 23). Therefore, the Commissioner's fifth-step burden has not been met and this case must be returned to the defendant for further proceedings.

In addition, on remand the ALJ need recognize that "at bottom" this is

---

[4]       The undersigned would note that Dr. Landon B. Anderson, a consultative orthopedist who examined plaintiff on January 21, 2008 (Tr. 276-278) following the administrative hearing (Tr. 26 (hearing conducted in December 6, 2007)), declined, for whatever reason, to complete the physical medical source form sent to him (*see* Tr. 279-281 (blank form)). Dr. Anderson's examination notes contain nothing directly contradictory of Dr. Barnes' opinions. (*Compare* Tr. 276-278 *with* Tr. 247, 249-250 & 263) In fact, Dr. Anderson specifically determined that plaintiff "has chronic neck and back pain, exhibits pain behavior and by her report is minimally functioning." (Tr. 277)

a pain case and should take particular note of same when questioning the vocational expert ("VE"). Even assuming the correctness of the ALJ's determination that plaintiff's pain is not disabling in and of itself, the evidence of record overwhelmingly establishes that Calhoun's primary limiting impairment is her chronic neck and back pain (*see, e.g.,* Tr. 38-47, 210, 247, 249-250, 254, 263 & 276-278). Accordingly, it is incumbent upon the ALJ to quantify such pain, based upon the evidence of record, and pose questions to a VE about the impact of such impairment and the limitations attributable to that impairment, *Foote, supra*, 67 F.3d at 1559 ("Pain is a nonexertional impairment."); *see Phillips v. Barnhart*, 357 F.3d 1232, 1242 n.11 (11th Cir. 2004) ("Nonexertional limitations or restrictions affect an individual's ability to meet the other demands of jobs and include mental limitations, pain limitations, and all other physical limitations that are not included in the seven strength demands.") upon plaintiff's ability to perform the physical and mental requirements of other work in the national economy.

## CONCLUSION

The Magistrate Judge recommends that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*,

501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412,  *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** this the 12th day of March, 2010.

  s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      ***Objection***.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[5]      Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).